Opinión de conformidad emitida por el
Juez Asociado Se-ñor Martínez Torres,
a la cual se une la Jueza Asociada Señora Pabón Charneco.
Han transcurrido casi dos meses de celebradas las pri-marias de los partidos políticos y no contamos todavía con candidatos certificados por la Comisión Estatal de Eleccio-nes (CEE). La razón principal: la ausencia de tecnología que brinde agilidad y mayor certeza en el escrutinio de votos el día de la celebración del evento y que contribuya a desalentar cualquier tipo de fraude electoral.
Ante ese escenario, este Tribunal no puede abonar al clima de desconfianza y confirmar una sentencia del Tribunal de Primera Instancia que constituye un veto al man-dato legislativo válido de incorporar el escrutinio electró-nico de votos a nuestro sistema electoral. Con ese mecanismo, se fomentará un mayor grado de transparen-cia y pureza en la tabulación de los votos de las próximas elecciones generales. Ausente un problema constitucional, nuestro deber es respetar el mandato del pueblo, expre-sado por conducto de sus legisladores electos. Véase R.E. Bernier y J. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed. rev., San Juan, Pubs. J.T.S., 1987, pág. 299.
Aristóteles planteaba que “el comienzo es más de la mi-tad de la totalidad”. (Traducción nuestra). B. Jowett, The Politics of Aristotle, Ed. Claredon Press, 1885, pág. 195. La disidencia, por su parte, se ampara en que como la CEE no difundió “todo lo relacionado al escrutinio electrónico” con doce meses de antelación a las elecciones, perdió la oportu-nidad de comenzar el proceso ordenado por la Asamblea Legislativa, en un periodo de seis meses previo a las elecciones. Con ello, la disidencia le niega a la CEE mayo-res herramientas que fortalezcan la transparencia y el de- *546 recho del elector a que su voto se cuente efectivamente, incluyendo el del que presentó este caso con la alegación de que se afectaría la validez de su voto.
Para adoptar la contención de la disidencia habría que ignorar que el propio ente que exigió y no definió el con-cepto “todo lo relacionado” —la Asamblea Legislativa— es-tableció posteriormente, mediante resolución conjunta, unos requisitos específicos al evento de las elecciones gene-rales, para ser cumplidos en un término menor de seis meses. Esa medida es válida como instrumento legislativo para atender la situación única que se da en este año electoral en que se pautó la implementación por primera vez de un escrutinio electrónico de los votos.
Aclarado esto, la construcción de la disidencia se de-rrumba y lejos de ser un acto enmarcado en nuestra deon-tología profesional se asemeja más a un acto de odontolo-gía, en el cual se pretende imponerle un retenedor a la CEE para fomentar que la partidocracia continúe domi-nando los procesos de escrutinio, sin mecanismos objetivos de supervisión y fiscalización. Atarle las manos a la CEE para que no pueda realizar las encomiendas conducentes a la implantación del escrutinio electrónico nos convertiría en promotores de la desconfianza en el proceso electoral. Con ello, provocaríamos un estado de incertidumbre del Pueblo hacia la institución que tiene el deber ministerial de implantar los mandatos legislativos en materia electoral.
Por los fundamentos contenidos en la sentencia emitida por este Tribunal, es mi criterio que la democracia ha ga-nado en el día de hoy y voto conforme con brindarle a la CEE la oportunidad de cumplir con un mandato legislativo diseñado para fortalecer el derecho al voto de todos los electores. Confío que el Pueblo sabrá distinguir entre el dictamen de este Foro y cualquier arenga partidista que se lance como parte de una campaña dedescrédito y demoni-zación hacia este Tribunal.
*547 — o —